(No. 75-CV-235—▮▮▮▮▮▮▮▮▮▮▮▮▮

JOSEPH SANSONE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1975.*

STEPHEN ADDIS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on March 11, 1974, in a tavern at 2822 West Marquette Road, Chicago, Illinois. Joseph Sansone, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", Ill. Rev. Stat., 1973, ch. 70, §71, et seq. (hereafter referred to as the "Act".)

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Joseph Sansone, age 38, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on March 11, 1974, the claimant was shot while sitting at the bar in Ziggy's Tavern, 2822 West Marquette, Chicago, Illinois.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim was hospitalized from March 11, 1974 to May 16, 1974, and received treatment for injuries sustained in the shooting. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant, Edward Tadewsiak, 6124 South Washtenaw, Chicago, Illinois, was arrested by the Chicago Police Department. He was subsequently found guilty and sentenced to two years probation.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and the claimant has fully cooperated with their requests for assistance in the investigation and prosecution of this case.

8. That the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---:|
| 1) | Hospital | $14,292.62 |
| 2) | Medical | 3,865.00 |
| | | $18,157.62 |

9. That the victim was unemployed during the 6 months immediately preceding the incident, and, therefore, that loss of salary cannot be determined.

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State, or Federal funds, or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the claimant received no benefits from other sources as contemplated by §7(d) of the Act. The statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶8, leaves an amount of loss sustained by the claimant of $17,957.62. That this loss is an amount far in excess of the $10,000 maximum amount that can be awarded as compensation under the Act for any loss resulting from a violent crime.

IT IS HEREBY ORDERED that the sum of $10,000.00 (TEN THOUSAND DOLLARS AND NO CENTS) be awarded to the claimant, Joseph Sansone, as the innocent victim of a violent crime.